<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MIGNONE SALLY N'JIE and EDWARD B. MENDY, | : : : : : : : : : : : : : | Civil Action No. 09-919 (SRC) |
| Plaintiffs, |
| v. | OPINION |
| MEI CHEUNG, JIN LOK, ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY, |
| Defendants. |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Mei Cheung and Jin Lok (collectively, "Defendants"). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

**BACKGROUND**

Very briefly, this case arises from a landlord/tenant dispute. The Complaint alleges that Mignone Sally N'Jie and Edward B. Mendy (collectively, "Plaintiffs") leased an apartment from Mei Cheung. On March 3, 2009, Plaintiffs filed the Complaint in this action, asserting fourteen claims against Defendants which generally relate to the allegation that Mei Cheung has breached the lease. Defendants now move to dismiss the Complaint in its entirety.

**STANDARD OF REVIEW**

A.   <u>**Motion To Dismiss Under Rule 12(b)(6)**</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Twombly</u>, 127 S. Ct. at 1964 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S. Ct. at 1964-65 (internal citations omitted); <u>see</u> <u>also</u> FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of

his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## ANALYSIS

A.   **Defendants' motion to dismiss**

The Complaint asserts fourteen claims. In eight pages of argument, Defendants' brief in support of the motion to dismiss gives quick treatment to thirteen points.

**Point I**

Defendants contend that the First Count of the Complaint, for breach of the lease agreement, should be dismissed because, under New Jersey law, a landlord is entitled to terminate a lease agreement when it is the landlord's intention to personally occupy the premises, pursuant to N.J.S.A. § 2A:18-61.1(l)(3). Defendants' citation to that statute is inapposite, since it deals with the power of the Superior Court to remove tenants. Defendants have not explained how this provision bears upon a claim for money damages for breach of contract. As to the First Count, Defendants' motion to dismiss will be denied.

**Point II**

Defendants contend that the Second Count of the Complaint, for breach of the lease agreement via "post-termination violations," should be dismissed because no such breach occurred, and because no such cause of action exists under New Jersey law. These arguments cannot succeed, because: 1) on a motion to dismiss, all factual allegations in the Complaint are accepted as true; and 2) the Second Count clearly asserts a cause of action for breach of the implied covenant of good faith. See R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 168 N.J. 255, 274 (2001) ("every contract in New Jersey contains an implied covenant of good faith and fair dealing.") As to the Second Count, Defendants' motion to dismiss will be denied.

**Point III**

Defendants contend that the Third Count of the Complaint, for inducing breach of contract, should be dismissed because no such action exists under New Jersey law. Defendants are incorrect, as actions for interference with contract are well-established in New Jersey law. See, e.g., Cushman & Wakefield of New Jersey, Inc. v. Alexander Summer Co., 295 N.J. Super. 173, 181 (N.J. Super. Ct. App. Div. 1996) ("one who unjustifiably interferes with the contract of another is guilty of a wrong.") As to the Third Count, Defendants' motion to dismiss will be denied.

**Point IV**

Defendants contend that the Fourth Count (interference with business relations), Fifth Count (intentional interference with contract), and Seventh Count (unfair business practices) should be dismissed because the Complaint fails to allege that Plaintiffs have any business interests that can be interfered with. This Court first observes that the Fifth Count duplicates the Third Count: both assert a claim against Jin Lok for interference with contract. The Fifth Count will be dismissed as duplicative.

As to the Fourth and Seventh Counts, Defendants point out, correctly, that these Counts do not allege that Defendants injured Plaintiffs in any way pertaining to a business relation, defined by the New Jersey Supreme Court as their "business, calling, or occupation." Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 750 (1989). Plaintiffs do not allege facts that make plausible the contention that their tenancy had any business purpose. As to the Fourth and Seventh Counts, Defendants' motion to dismiss will be granted, and those counts will be dismissed without prejudice.

**Point V**

Defendants contend that the Sixth Count, for libel and slander, must be dismissed because Plaintiffs have alleged only a non-actionable statement of a legal opinion, rather than an actionable statement of fact. Defendants mischaracterize the Sixth Count, which alleges at least three false statements of fact. (See Compl. ¶ 104.) As to the Sixth Count, Defendants' motion to dismiss will be denied.

**Point VI**

Defendants contend that the Eighth Count, for breach of the covenant of good faith and fair dealing, must be dismissed because Plaintiffs have failed to allege any facts to support their claim. This is incorrect. Plaintiffs allege that Defendant Cheung lied when she explained her reason for asking Plaintiffs to leave the apartment. (Compl. ¶ 121.) As to the Eighth Count, Defendants' motion to dismiss will be denied.

**Point VII**

Defendants contend that the Ninth Count, for civil conspiracy, should be dismissed because Plaintiffs have not alleged facts that support a claim for civil conspiracy. This is correct, on two grounds. First, pursuant to the pleading standard articulated in Twombly, Plaintiffs have not alleged sufficient facts to make plausible a claim for civil conspiracy; the pleading is entirely conclusory. Second, one party to a contract has no cause of action against another party to that contract for interference with contract; only third parties may be sued for interference with the contract. Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 173 (3d Cir. 2001) ("A cause of action for tortious interference with contract cannot be directed against a defendant who is a party to the contract.") As a party to the contract, there can be no claim against Mei Cheung for

interference with contract. Plaintiffs are left having pled a possible cause of action for conspiracy to interfere only against Jin Lok, and an individual cannot conspire with himself. As to the Ninth Count, Defendants' motion to dismiss will be granted, and that count will be dismissed without prejudice.

### Point VIII

Defendants contend that the Tenth Count, for tortious conduct, and the Thirteenth Count, for punitive damages, should be dismissed because Plaintiffs have alleged particular facts supporting a simple breach of contract claim, and that such facts do not support claims for tortious conduct and punitive damages. This Court agrees. The Tenth and Thirteenth Counts are pled in purely conclusory and formulaic ways. Pursuant to the pleading standard articulated in Twombly, Plaintiffs have not alleged sufficient facts to make plausible claims for either tortious conduct or punitive damages. As to the Tenth and Thirteenth Counts, Defendants' motion to dismiss will be granted, and the Tenth and Thirteenth Counts will be dismissed without prejudice.

### Point IX

Defendants contend that the Eleventh Count, for unjust enrichment, should be dismissed because Plaintiffs have not alleged that they conferred a benefit on Defendants. This is incorrect, as Plaintiffs have alleged that they made improvements to the apartment. (Compl. ¶ 135.) As to the Eleventh Count, Defendants' motion to dismiss will be denied.

### Point X

Defendants contend that the Twelfth Count, for detrimental reliance, should be dismissed on a variety of grounds, such as that the alleged promise violates the Statute of Frauds, and that

the alleged promise is so indefinite as to be unenforceable.  Such arguments are directed to the merits of affirmative defenses and are appropriate for consideration on a motion for summary judgment.  On a motion to dismiss, the Court examines whether the pleadings adequately state a valid claim for relief.  Under New Jersey law, to plead a cause of action for promissory estoppel, the plaintiff must sufficiently allege these elements:

>(1) clear and definite promise by the promisor;
>(2) promise must be made with expectation that promisee will rely thereon;
>(3) promisee must in fact reasonably rely on the promise, and
>(4) detriment of a definite and substantial nature must be incurred in reliance on the promise.

Royal Associates v. Concannon, 200 N.J. Super. 84, 91-92 (N.J. Super. Ct. App. Div. 1985).  All that Twombly requires is that the Complaint articulate "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.  Plaintiffs have met this requirement.  As to the Twelfth Count, Defendants' motion to dismiss will be denied.

**Point XI**

Defendants contend that the Fourteenth Count, for attorney's fees and costs, should be dismissed because, under the American Rule, such an award cannot be obtained.  As Plaintiffs note in opposition, N.J.S.A. § 2A:15-59.1 expressly authorizes such an award, and, at this stage, Plaintiffs have alleged sufficient facts to state a plausible claim for fees and costs.  In their reply brief, Defendants note that Plaintiffs have appeared *pro se*, and cannot obtain an award of attorneys' fees.  The fact that Plaintiffs have not hired counsel does not mean that they will not do so and, moreover, on a motion to dismiss, the Court dismisses claims which are legally invalid, rather than unlikely to succeed.  As to the Fourteenth Count, Defendants' motion to dismiss will be denied.

Defendants make two additional points. First, as to their objection to the request for escrow of monthly rent in the Complaint, Defendants cite no legal basis for their objection. In asking for escrow of rent in the Complaint, Plaintiffs have simply stated one kind of relief they seek. Defendants have given this Court no legal basis to strike this request for relief in ruling on a motion to dismiss, pursuant to Rule 12(b)(6). Second, as to Defendants' request for Rule 11 sanctions, Defendants have not persuaded this Court that such sanctions are appropriate at this juncture.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED** in part and **DENIED** in part. As to the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Counts, the motion to dismiss is **GRANTED**, and these claims are dismissed without prejudice. As to the First, Second, Third, Sixth, Eleventh, and Twelfth Counts, the motion to dismiss is **DENIED**. As to the claims that have been dismissed, Plaintiffs are granted leave to amend the Complaint within forty-five days of the filing of this Opinion.

      /s Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: July 13, 2009