UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

## LETTER OPINION & ORDER

August 16, 2010

**VIA CM/ECF**
All Counsel of Record

  Re: N'Jie, et al. v. Cheung, et al.
    <u>Civil Action No. 09-919 (SRC)</u>

Dear Counsel:

  This matter comes before the Court by way of Motions to Compel and Motions for Sanctions filed by both parties. Defendants Mei Cheung, Jin Lok, ABC Insurance Co. and XYZ Insurance Co. (collectively, "Defendants") filed their Motion to Compel and for Sanctions on March 15, 2010. (Doc. No. 24.) Plaintiffs Mignone Sally N'Jie and Edward Mendy (collectively, "Plaintiffs") oppose Defendants' motion. (Doc. No. 28.) Plaintiffs filed their Motion to Compel and for Sanctions on March 16, 2010 (Doc. No. 27.), which Defendants oppose. (Doc. No. 25.)

  Having considered all of the moving papers and for the reasons set forth below, both motions to compel and motions for sanctions are DENIED.

### I. BACKGROUND

  This matter arises from a dispute pertaining to an option-to-buy term in a lease agreement between the parties. (*See generally* Doc. 1 ("Compl.").) Specifically, Plaintiffs' allegations include breach of contract, inducement to breach the contract, interference with business relations, intentional interferences with contract, libel and slander, unfair business practices, breach of duty of

good faith and fair dealing, civil conspiracy, tortious conduct, unjust enrichment and justifiable, detrimental reliance, all arising from the lease agreement. (*See generally id.*) The parties have since filed the motions to compel discovery and for sanctions currently pending before this Court.

Due to the previous conduct of the parties, this Court finds it crucial to describe the procedural history of this case. After having held an initial scheduling conference, the Court entered a Pretrial Scheduling Order on October 13, 2009. (Doc. No. 15 ("Scheduling Order").) In the Scheduling Order, the parties were required to exchange initial disclosures and serve interrogatories, limited to 25 single questions, by October 23, 2009, which were to be responded to by November 23, 2009. (*Id.* at ¶ 2.) Moreover, the depositions of all fact witnesses were to be completed by April 1, 2010, the same date that fact discovery was scheduled to close. (*Id.* at ¶¶ 2, 4.)

Subsequently, Defendants notified this Court on or about November 30, 2009 that Plaintiffs' discovery responses were nearly 60 days past due.[1] Accordingly, the Court scheduled a telephone status conference for December 21, 2009, during which any and all discovery disputes were to be discussed. As instructed by this Court, Defendants submitted a status letter on December 14, 2009, summarizing the nature of the disputes. (Doc. No. 17 ("Defs.' Dec. 14th Ltr.").) In the status letter, Defendants explained that they served their interrogatories and document requests on July 26, 2009, approximately three months prior to this Court's initial scheduling conference. The discovery requests consisted of 31 Interrogatories with subparts and 8 document requests, respectively. (*Id.* at 1-2.) Prior to the initial scheduling conference, Plaintiffs never objected to the form of the discovery demands, failed to provide any responses and did not serve any of their own discovery demands. (*Id.* at 2.) Moreover, despite this Court's Scheduling Order, Plaintiffs failed to timely serve their initial disclosures. (*Id.*) Instead, on October 23, 2009, Plaintiffs served two sets

---

[1] Defendant sent a letter by facsimile, which was not electronically filed.

2

of interrogatories, which included over 230 questions when including sub-parts, and two sets of document requests. (*Id.* at 2-3.) Finally, Defendants requested that Plaintiffs provide their responses to Defendants' discovery requests by November 30, 2009. (*Id.* at 3.)

Plaintiffs initially argued that Defendants' requests were procedurally defective and later stated that they would only provide their responses upon receipt of Defendants' responses. (*Id.*) According to Defendants, Plaintiff Mendy later stated that he had "already completed the responses but was withholding them pending clarity on the defendant's position." (*Id.*) Defendants answered that they were working on their responses to Mendy's comprehensive requests and that Plaintiffs were obligated to serve their responses without placing any conditions on same. (*Id.* at 3-4.) Indeed, Defendants have since provided their responses and argue that they are in full compliance with Plaintiffs' discovery requests, asserting that their objections are limited to requests that are irrelevant or contain privileged digital information. (*Id.* at 4.) Yet, after several months, Plaintiffs "have continued to withhold their discovery response, notwithstanding their admission that the responses are completed. They are playing the discovery game of hide and seek, using their answers as leverage for their own abusive discovery requests." (*Id.*)

Notably, Plaintiffs failed to provide a status letter, as ordered by the Court. Regardless, after hearing each party's position during the December 21, 2009 telephone status conference, this Court entered a Text Order requiring that all written discovery be produced by December 21, 2009. (Doc. No. 18.) The parties were further instructed to provide a letter to this Court by January 29, 2010, setting forth each party's position regarding any outstanding discovery disputes. (*Id.*) While Defendants provided a status letter by the aforementioned date, Plaintiffs again failed to provide same. In Defendants' letter, Defendants assert that Plaintiffs' responses were uncertified and deficient. (Doc. No. 19 ("Defs.' Jan. 29th Ltr.").) As stated by Defendants, "[o]f particular note is the absence of any documentation to support the plaintiff's claim for damages for their alleged

3

purchase of custom furnishings, improvements to the home, window dressing and medical expenses related to anxiety allegedly being suffered by the plaintiff, Mignon Sally N'Jie, as a result of this litigation." (*Id.* at 1.) Defendants also attached a letter that was sent to Plaintiffs on January 21, 2010, which outlines Defendants' comments pertaining to the alleged deficiencies. (*Id.* at 2.)

Subsequently, this Court scheduled another telephone status conference for March 1, 2010, instructing Plaintiffs to respond to Defendants' status letters by February 24, 2010. Instead, Plaintiffs faxed a letter to this Court on February 26, 2010. (Doc. No. 22 ("Pls.' Feb. 26th Ltr.").) In the letter, Plaintiffs argue that Defendants' counsel was refusing to meet and confer on discovery disputes and that he "completely ignores Plaintiffs' reasonable discovery requests yet continues to demand that Plaintiffs jump whenever he commands." (*Id.* at 1.) According to Plaintiffs, they had provided all responsive documents that they had in their possession, with the exception of various receipts that Plaintiff N'Jie was trying to locate. (*Id.*) Plaintiffs further argue that Defendants' counsel failed to respond to their numerous requests to schedule Defendants' depositions. (*Id.* at 1-2.)

During the March 1, 2010 conference, this Court expressed its concern regarding the parties' inability to proceed with this matter on schedule. The Court also granted the parties leave to file formal motions to compel discovery, as memorialized in this Court's March 2, 2010 Order. (*See* Doc. No. 23.) In accordance with this Court's Order, Defendants electronically-filed their motion to compel discovery and motion to dismiss on March 15, 2010. (Doc. No. 24.) While Plaintiffs' motion to compel was signed March 15, 2010, it was not received by the Court until March 16, 2010. (Doc. No. 27.) Also, per this Court's Order, opposition briefs were due March 22, 2010. (Doc. No. 23.) While Defendants' opposition was filed timely, Plaintiffs did not file their opposition until on or about April 6, 2010. (Doc. No. 28.)

In this Court's March 2, 2010 Order, this Court also scheduled a telephone status conference for April 1, 2010 (Doc. No. 23), which was later adjourned to April 12, 2010. In anticipation of the

4

conference, the parties were instructed to submit a joint status letter. (Doc. No. 23.) However, according to Defendants, Plaintiffs were unresponsive to Defendants' efforts to draft a joint status letter, and thus, Defendants submitted a status letter solely on their own behalf. (Doc. No. 29 ("Defs.' April 9th Ltr.").) The letter again expresses Defendants' concerns regarding Plaintiffs' failure to comply with the discovery demands, even after Defendants provided their responses to Plaintiffs' demands. (*Id.* at 1-2.) While Plaintiffs claim that Defendants' responses were "grossly inadequate," according to Defendants, Plaintiffs failed to respond to Defendants' request for written comments regarding any alleged deficiencies. (*Id.* at 2.) Accordingly, in an attempt to obtain some information, Defendants decided to move forward by way of noticed depositions. (*Id.*) However, Plaintiffs refused to agree to any deposition dates until Defendants permitted new counsel to enter his or her appearance and until he received a deposition date for Defendant Cheung. (*Id.* at 2-3.) In discussing their motion to compel, Defendants allege that Plaintiffs "have not provided even the most rudimentary information to support their claims in this case. For example, they claim to have spent over $10,000 on custom furniture for this house but have not provided receipts." (*Id.* at 3.) Defendants contend that Plaintiffs' responses are so deficient that conducting depositions would be ineffective, as the deponents would most likely need to be re-deposed upon receipt of Plaintiffs' supplemental responses. (*Id.*)

After the April 12, 2010 conference, this Court entered, yet again, an Order setting forth deposition dates, times and locations for all parties. (Doc. No. 30.) On April 23, 2010, the parties called the Court with regard to a dispute that surfaced during the deposition of Defendant Cheung. Specifically, Plaintiff Mendy questioned Defendant Cheung about her current and previous addresses, the addresses of family members, photograph identification and then began to read her driver's license number into the record. Defendants' counsel objected based on irrelevancy and harassment of the deponent. Plaintiff Mendy asserted that the information was necessary for

5

identification purposes. After having heard from both parties, the Court sustained Defendants' objection and directed the parties to conduct the remainder of the deposition in a professional manner. The parties later notified this Court that they were unable to complete the deposition.

Regarding Plaintiffs' motion to compel and for sanctions, upon noticing that Plaintiffs failed to attach the exhibits referred to therein, this Court instructed Plaintiff Mendy to electronically-file the exhibits by certain dates. In fact, this Court entered Text Orders on April 19, 2010 and June 14, 2010 regarding same and on several occasions left several voicemail messages with Plaintiff Mendy regarding the exhibits. To date, Plaintiff Mendy has failed to provide this Court with a copy of the exhibits.

Ultimately, this Court held an in person status conference on July 27, 2010, during which the parties' motions and conduct were discussed at length. This Letter Opinion and Order is being entered in response to the pending motions and status conference.

## II.   LEGAL DISCUSSION

### A.   Motions to Compel

Federal Rule of Civil Procedure 26 defines the methods, scope, limits and process of discovery. For instance, Section (b) of that Rule provides that parties may obtain discovery regarding any party's claim or defense. Fed. R. Civ. P. 26(b). Rule 26(b) also provides that for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Id.* As this Court has recognized, "Courts have construed this rule liberally, creating a broad vista for discovery." *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Evans v. Employee Benefit Plan*, No. 03-4915, 2006 WL 1644818, at *4 (D.N.J. June 6, 2006).

In interpreting Rule 26(b)(1), the District Court must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *See Nestle Food Corp. v. Aetna Cas. & Surety*

*Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *see also Nestle*, 135 F.R.D. at 104.

Moreover, when the burden of a discovery request is likely to outweigh the benefits, Rule 26(b)(2)(C)(iii) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. As recognized by the Third Circuit, the right to discovery, although broad, "is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir.1999). Accordingly, a discovery request may be denied if, after assessing "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues," the District Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expense imposed as a consequence of the proposed discovery. Fed. R. Civ. P. 26(b)(2)(C)(iii). The purpose of this rule of proportionality is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Bowers v. Nat'l Collegiate Athletic Ass'n*, No. 97-2600, 2008 U.S. Dist. LEXIS 14944, at *14 (D.N.J. Feb. 27, 2008) (quoting *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989)).

### 1. Defendants' Motion to Compel

Defendants seek an Order from this Court compelling Plaintiffs to respond to certain discovery requests, including responses to interrogatories, production of documents and appearances for noticed depositions. Defendants argue that Plaintiffs have been unresponsive and

have not fully answered multiple Interrogatories.[2] Specifically, Defendants assert that Plaintiffs' responses to Interrogatories 3, 5, 11, 12, 22, 28 and 30 are deficient. (Defs.' Moving Br. 2-3.) In opposing Defendants' motion, Plaintiffs offer general assertions that they acted reasonably throughout the discovery period and attempted to resolve all disputes without Court intervention. (Pls.' Opp'n Br. 2.) Plaintiffs also claim that Defendants failed to act reasonably by refusing to meet and confer with Plaintiffs in a good faith attempt to resolve these issues, as otherwise required by the Federal and/or Local Rules of Civil Procedure, as well as this Court's Scheduling Order. (*Id.*) Finally, Plaintiffs pledge to provide Defendants with "supplemental answers as they become available." (*Id.*)

After assessing each Interrogatory in dispute and the parties' positions, this Court finds Defendants would generally be entitled to supplemental answers to Interrogatories 3, 5, 11, 12, 22, 28 and 30. The answers sought by Defendants fall within the broad scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). The requested information is relevant and may lead to admissible evidence. Moreover, Plaintiffs do not assert the information sought is unreasonably cumulative or duplicative, that Defendants had ample time to obtain the information through alternative sources or methods or that production of this discovery would be unduly burdensome. Finally, this Court is simply not persuaded by Plaintiffs' assertion that Defendants failed to confer about discovery, because Plaintiffs themselves have supplied the Court with over

---

[2] Defendants' Interrogatories consist of 31 questions with multiple parts. (Aff. of Joseph V. Meyers ("Meyers Aff.") ¶ 5, Ex. A.) However, this Court's Pretrial Scheduling Order explicitly limits Interrogatories to 25 single questions. (Doc. No. 15.) Thus, Defendants' Interrogatories violate this Court's Order, as Defendants failed to seek leave from this Court to serve more than 25 questions. However, Plaintiffs' Interrogatories also violate this Court's Order, as Plaintiffs' Interrogatories consist of two sets of interrogatories that include at least 46 questions with numerous sub-parts. In fact, Defendants take the position that Plaintiffs' Interrogatories total 250 questions, which include the sub-parts. (Meyers Aff. ¶ 9.) Nonetheless, in the interests of justice and fairness, and in order to move discovery in this case forward, the Court will consider all Interrogatories that are currently in dispute.

8

seventy pages of ongoing discovery-related correspondence between both parties' counsel, which prove otherwise.

Likewise, this Court finds that Defendants' request for a supplemental, amended document production from Plaintiffs would generally be granted. Here, while Plaintiffs do not dispute the relevance of the requested documents, there is a clear disagreement over what documents, if any, Plaintiffs have supplied to Defendants. Thus, because there is such stark disagreement over the documents served by Plaintiffs and to ensure complete and accurate discovery, Defendants would be entitled to the supplemental documents, along with any outstanding responsive documents. To the extent Plaintiffs assert that they do not have any documents in their possession that are responsive to a document request, Plaintiffs would generally be required to provide an affidavit certifying same under oath to Defendants. Failure to turn over all responsive documentation would most likely result in a waiver to use same information during the trial proceedings.

Notwithstanding the aforementioned, this Court finds good cause to deny Defendants' motion. As previously mentioned, this Court held an in person status conference on July 27, 2010. During the conference, it became blatantly obvious that the parties would be unable to amicably work with one another to resolve outstanding discovery disputes. As discussed at length in the Background Section above, discovery disputes remain outstanding, this matter has proceeded in an unacceptably slow fashion and the Court has no confidence that the parties will resolve the outstanding issues or be able to move forward without judicial intervention. As such, this Court finds that even if additional time for discovery was granted, the proceedings would be thwarted by the parties' inability to work with one another. Thus, during the conference, this Court decided that it was in the best interests of the parties and judicial economy to deny the pending motions to compel discovery and to close fact discovery. Despite this Court's finding that Defendants are entitled to all the requested supplemental answers and document production requested in their

motion to compel, this Court finds it necessary to close fact discovery with finality based on the procedural history of this case and the parties' conduct. During the conference, Defendants agreed, asserting that they could proceed with the discovery received thus far. Accordingly, based on the foregoing and for other good cause shown, Defendants' motion to compel is denied.

### 2. **Plaintiffs' Motion to Compel**

Plaintiffs seek to compel responses to interrogatories, document discovery, appearances for depositions, sanctions and attorney's fees. (*See generally* Pls.' Moving Br.) Specifically, Plaintiffs argue that Defendants must be compelled to answer Interrogatories and respond to Requests for Document Production. (*Id.* at 1, 8-9.) While Plaintiffs concede that Defendants eventually provided their responses, Plaintiffs argue that the "responses were grossly inadequate." (*Id.* at 3.) According to Plaintiffs, they have made several attempts to obtain supplemental responses from Defendants and have tried to set up conferences with Defendants' counsel to resolve the disputes, but Defendants refuse to provide same and have ignored the conference requests. (*Id.* at 3-4, 7.)

Notably, while Plaintiffs' Moving Brief repeatedly cites to a series of exhibits, the exhibits were not attached at the time that the motion was electronically-filed with this Court. (*See* Doc. No. 27.) Unfortunately, Plaintiffs drafted their motion to compel in such a way that this Court's consideration of the merits of the motion is impossible without a review of the supplementary exhibits. Because these exhibits are essential to this Court's ability to rule on Plaintiffs' motion, this Court issued a Text Order on April 19, 2010 instructing Plaintiffs to resubmit this motion, along with the referenced exhibits. On April 23, 2010, during an in-person status conference, this Court again instructed Plaintiffs to supplement their motion with the exhibits. Again, Plaintiffs having failed to comply with this Court's instructions, on June 14, 2010, the Court issued another Text Order instructing Plaintiffs to immediately submit all exhibits referenced in their motion. (Doc. No. 32.) In fact, this Court has telephoned Plaintiffs numerous times over the past several months to

request that Plaintiffs submit these Exhibits. Throughout this process, Plaintiffs continually postponed filing these Exhibits with this Court. Plaintiffs have had more than adequate opportunities to submit these Exhibits and this Court can no longer tolerate such unjustifiable delay. Therefore, Plaintiffs' motion would generally be denied.

Notwithstanding the aforementioned, this Court finds good cause to deny Plaintiffs' motion based on the same grounds that this Court is denying Defendants' motion, as set forth above under Section II.A.1. Accordingly, in order to move this case forward and in the best interests of all parties and judicial economy, Plaintiffs' motion to compel is denied.

### B.  Requests for Sanctions

Under Federal Rule of Civil Procedure 37(b)(2), if a party fails to comply with a discovery order, a court may issue sanctions. Rule 37 sanctions may include an order "(iii) striking pleadings in whole or in part . . . [or] (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). When considering whether to dismiss a matter for a party's failure to comply with a discovery order, this Court must consider the record as a whole. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976). Dismissal, however, is an "extreme" sanction and is disfavored absent the most egregious circumstances. *Id.* at 640.; *see also U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003). It is well settled that the preference of the Third Circuit is to decide cases on the merits. *Medunic v. Lederer*, 533 F. 2d 891, 893-94 (3d Cir. 1976) ("Entry of default is generally disfavored and we have long indicated our preference that cases be decided on their merits."). If there is doubt, the decision to dismiss "should be resolved in favor of reaching a decision on the merits [and] . . . alternative sanctions should be used." *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).

Regarding sanctions in the form of attorney's fees, under Federal Rule of Civil Procedure 37(b)(2)(C) and (d)(3), this Court must award "the reasonable expenses, including attorney's fees,

11

caused by" a party's failure to comply with a Court's discovery order or to serve answers to interrogatories, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." The purposes of sanctions under Rule 37 are to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure. *Wachtel v. Health Net, Inc.*, No. 03-1801, 2006 WL 3538935, at *20 (D.N.J. Dec. 6, 2006) (citing *Nat'l Hockey League*, 427 U.S. at 643).

### 1. Defendants' Request for Sanctions

In the motion to compel, Defendants seek sanctions in the form of dismissal and an award of reasonable counsel fees. (Defs.' Moving Br. 5-6.) Defendants argue that dismissal of Plaintiffs' claim is appropriate at this time. (Defs.' Moving Br. 5.) In support of dismissal, Defendants take the position that Plaintiffs' Complaint is an abuse of process and failure to provide discovery related to this action supports dismissal. (*Id.*) As an alternative, Defendants request that this Court enter an order compelling Plaintiffs to (i) submit supplemental answers to Defendants' Interrogatories; and (ii) produce all documents responsive to Defendants' Request for Document Production, including a certification and itemization of all documents Plaintiffs intend to reply upon to support their claims. (*Id.*)

Additionally, Defendants seek a sanctions award for reasonable counsel fees commensurate to the additional time Defendants have spent in attempting to get Plaintiffs to comply with their discovery requests. (Defs.' Moving Br. 5.) Defendants argue that this would include the time spent on telephone status conferences with the Court, which resulted from Plaintiffs' noncompliance. (*Id.*) However, Defendants do not provide a specific amount that should be imposed as a sanction against Plaintiffs, only stating that "[i]t would be an impossible task trying to calculate the additional time which has been spent in trying to coax plaintiffs into complying with their discovery obligations." (*See id.*)

12

Undeniably, dismissal is an extreme sanction — one that this Court finds is inappropriate and unwarranted at this juncture. While Plaintiffs' conduct is unacceptable, it does not rise to the level of egregiousness as to warrant dismissal. Indeed, judicial policy favors deciding this matter on the merits. As such, Defendants' request that this Court sanction Plaintiffs by way of dismissal is denied. Likewise, this Court finds that an award of reasonable counsel fees is not warranted at this time. Plaintiffs provided answers and responses to Defendants' discovery demands and, although deficient and served in an untimely manner, Plaintiffs' conduct was not abusive and did not amount to a level of misconduct that would warrant an award of sanctions. As such, Defendants' request for an award for reasonable counsel fees is denied without prejudice.

### 2. **Plaintiffs' Request for Sanctions**

Based on the legal standard for sanctions set forth above, Plaintiffs' request for sanctions in the form of finding Defendants in contempt for failure to comply with this Court's Scheduling Order and for costs associated with filing of Plaintiffs' motion, including attorney's fees, is denied. This Court finds that Defendants' conduct does not warrant an award of sanctions. Accordingly, this Court finds good cause to deny Plaintiffs' request for sanctions.

### III. **CONCLUSION**

As a general matter, this Court is deeply concerned with the parties' and counsel's inability to work amicably towards resolution of the discovery disputes addressed in this Letter Opinion and Order and in moving this case forward. Both parties claim that at one point or another the other party was purposefully withholding answers and document responses in order to gain leverage in this matter. Both the accusations and conduct are wholly unacceptable. This Court expects that the parties will work with one another to move this case forward from here on and warns that should such conduct continue, this Court will consider and award appropriate sanctions.

Based on the foregoing and for good cause shown, it is **ORDERED** that:

1. Defendants' and Plaintiffs' motions to compel and motions for sanctions are denied.

2. Fact discovery is now closed. Additional extension requests shall not be requested nor granted.

3. Dispositive motions shall be filed by **September 23, 2010**. Opposition to any such motions shall be filed by **October 7, 2010**. Reply papers shall be filed by **October 14, 2010**.

4. There shall be an in-person status/settlement conference on **November 4, 2010** at **10:30 a.m.** in Courtroom 2C. All counsel and parties with full settlement authority must appear in person. Each party shall submit a confidential settlement letter to this Court via facsimile to 973-645-4412 by **October 28, 2010**. The settlement letter shall summarize each party's confidential settlement position, including offers and demands.

5. **FAILURE TO COMPLY WITH THE DATES, TERMS AND PROVISIONS OF THIS LETTER OPINION AND ORDER MAY RESULT IN THIS COURT'S IMPOSITION OF SANCTIONS.**

*/s/ Michael A. Shipp*
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**